Jason A. Geller (CA SBN 168149)
jgeller@fisherphillips.com
Juan C. Araneda (CA SBN 213041)
jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, CA  94111
Telephone: 415/490-9000
Facsimile:  415/490-9001

Attorneys for Defendant
WALMART, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL NATYAZHKO, an individual,<br><br>                         Plaintiff,<br><br>        vs.<br><br>WALMART, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>                         Defendants. | Case No.:<br><br>*[Removed from Sacramento County Superior Court, Civil Case No. 34-2018-00240332]*<br><br>**DEFENDANT WALMART, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY JURISDICTION)** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendant WALMART, INC. ("Defendant"), by and through its attorneys of record, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Sacramento, to the United States District Court for the Eastern District of California, sitting in Sacramento, on the following grounds:

**BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP**

1.      On September 6, 2018, Plaintiff Mikhail Natyazhko filed a Complaint in the Superior Court of the State of California in and for the County of Sacramento styled *Mikhail Natyazhko v. Walmart, Inc.,* Case No. 34-2018-00240332.

DEFENDANT'S NOTICE OF REMOVAL                                                                    1
FPDOCS 34532154.1

2.      Removal of a case to federal court is governed in part by 28 U.S.C section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

3.      Pursuant to 28 U.S.C. section 1332, the United States District Court for the Eastern District of California has original jurisdiction over the parties and the subject matter of this action because it is an action arising in Sacramento County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441. *See also* L.R. 120(d).

4.      A copy of Plaintiff's Complaint, filed in the Superior Court of the State of California, County of Sacramento, along with a copy of the Summons and all other materials served on Defendant by Plaintiff are attached hereto as Exhibit 1.

5.      A copy of the Answer to the Complaint filed by Defendant on October 11, 2018, is attached hereto as Exhibit 2. Defendant is informed and believes that the documents provided in Exhibits 1 and 2 hereto constitute the operative pleadings in the state court case file in this matter.

6.      Defendant Walmart, Inc., is a Delaware corporation, with its principal place of business in Arkansas. (Araneda Decl., ¶2, Exh. A; *see also* Complaint, ¶9.) Walmart, Inc. maintains its executive office in Arkansas, and the management of Walmart, Inc.'s operations and finances is performed in Arkansas. (Araneda Decl., ¶2.)

7.      The defendants designated Does 1 through 10 in Plaintiff's Complaint are fictitious defendants, and have not been served, to Defendant's knowledge. (*See* Complaint ¶10.) Un-served defendants need not join in the notice of removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Additionally, the citizenship of fictitious defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

8.      Plaintiff is a citizen of California. (Complaint ¶¶1, 8.) Accordingly, this action is between citizens of different states, specifically California and Arkansas. This complete diversity of citizenship existed at the time Plaintiff filed his Complaint and it exists at the time of this removal.

9. As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after Defendant was served with the Summons and Complaint. Specifically, on September 12, 2018, Plaintiff served his Complaint upon Defendant's agent for service of process (CT Corporation) in California. (Araneda Decl., ¶2, Exh. B.)

## AMOUNT IN CONTROVERSY

10. Plaintiff alleges claims for damages that exceed $75,000. As discussed further below, Plaintiff's Complaint seeks unspecified amounts of consequential and incidental damages for "economic loss" and "medical expenses, lost time from his usual occupation, and the loss of his job." (Complaint ¶¶79, 81.)

11. In cases where the state court Complaint is silent or unclear as to the amount of damages sought by the plaintiff, a defendant must establish that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). The "amount in controversy" requirement is satisfied by setting forth, in the removal petition, underlying facts supporting defendant's assertion that the amount in controversy exceeds $75,000. *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995).

12. In determining the amount in controversy for purposes of assessing the propriety of a removal, a Court must assume that the allegations in the Complaint are true and must assume that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *See, Inc.,* 319 F.3d 672, 674-76 (5th Cir. 2003). As set forth below, even a low estimate of what Plaintiff could recover if the jury ruled for him on all of his claims in the Complaint would unavoidably result in an overall recovery that would exceed $75,000.

13. Among the damages sought in Plaintiff's Complaint are damages for claims under the California Fair Employment and Housing Act ("FEHA") (i.e., disability discrimination, failure to provide reasonable accommodation, failure to engage in the interactive process, and retaliation), as well as a claim for wrongful termination in violation of public policy. If Plaintiff is successful on these claims, Plaintiff will be entitled to recover lost past and future earnings and related employee benefits. *See, Commodore Home Systems, Inc. v.*

*Superior Court*, 21 Cal.3d 211, 221 (1982); *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal.3d 176, 181 (1970). A conservative estimate of lost wages for full-time employment at the current minimum wage in California of $11.00 per hour would be $22,880 per year (i.e., $11.00 per hour x 40 hours per week x 52 weeks per year). Plaintiff's employment terminated on April 13, 2017. (Complaint ¶20.) Thus, a conservative estimate of Plaintiff's alleged current wage losses - 18 months from termination - is approximately $34,320. Backpay damages would continue to accrue through trial. As such, even if the matter gets to trial quickly in one year, a conservative estimate of wage loss through the time of trial would be approximately $57,200.

14.     Assuming, as one must for purposes of this analysis, that the jury finds in Plaintiff's favor on all claims, then his recovery for emotional distress damages would unavoidably be substantial. Plaintiffs who prevail in employment discrimination cases routinely receive emotional distress damages reaching into six figures. Assuming, as one must, that a jury found Defendant to have discriminated against Plaintiff on the basis of his alleged disability then a six figure award of emotional distress damages seems unavoidable. Experience and common sense dictate that even the most conservative jury, could not possibly find for Plaintiff on all of those claims and yet fail to award him at least $25,000 - $50,000 in emotional distress damages.

15.     Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory). If Plaintiff prevails on his causes of action under the FEHA, then the law is clear that he will be awarded his reasonable attorneys' fees. Even if Plaintiff's counsel is extremely efficient, it would defy belief that his attorneys would incur less than $50,000 to $75,000 if they litigated this case through pleadings, discovery, motions, pre-trial and trial.

16.     With respect to Plaintiff's request for punitive damages, federal courts have noted that most punitive damage verdicts against larger corporations are substantial. *Richmond v. Allstate Ins. Co., supra*, 897 F. Supp. at 450-51. When one assumes, as is mandated in this

analysis, that Plaintiff will prevail on all of his causes of action, and that the jury would award him punitive damages, it is hard to imagine that punitive damages would be less than $75,000.

17.    Based upon the foregoing, it is respectfully submitted that the amount in controversy exceeds $75,000, and that this action is properly removed to this Court.

## VENUE

18.    This action is now pending in Superior Court of the State of California, County of Sacramento, and thus may be properly removed to the United States District Court for the Eastern District of California, sitting in Sacramento, pursuant to 28 U.S.C. section 1441(a). *See also* L.R. 120(d).

19.    Promptly after filing of this Notice of Removal, Defendant will file in the Superior Court of the State of California, County of Sacramento, its Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached thereto. A copy of Defendant's Notice of Filing of Notice of Removal is attached hereto as Exhibit 3. Further, Defendant has served upon Plaintiff a copy of this Notice of Removal, and will promptly serve upon Plaintiff a copy of Defendant's Notice of Filing of Notice of Removal.

## INTRA-DISTRICT ASSIGNMENT

20.    Pursuant to 28 U.S.C. section 1391(a)(2), venue is proper in the United States District Court for the Eastern District of California, sitting in Sacramento, because a substantial part of the alleged events giving rise to the claims in this lawsuit occurred in the County of Sacramento, and this is an action arising in Sacramento County. *See* L.R. 120(d).

21.    This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED: October 11, 2018          FISHER & PHILLIPS LLP

By: _____
Jason A. Geller
Juan C. Araneda
Attorneys for Defendant
WALMART, INC.

# EXHIBIT 1

9/12/18 e255

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALMART INC., a Delaware Corporation; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MIKHAIL NATYAZHKO, an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
Superior Court of California, Sacramento
09/06/2018
jmora
By _____ , Deputy
Case Number:
**34-2018-00240332**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento Superior Court
720 9th Street, Sacramento, California, 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alex Tovarian, 50 California Street, Suite 3325, San Francisco, CA 94111

DATE: **SEP - 6 2018**
*(Fecha)*

Clerk, by _____ **J. MORA** _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Walmart Inc., a Delaware corporation
under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 9/2/18

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

HUNTER PYLE, SBN 191125
CHAD SAUNDERS, SBN 257810
HUNTER PYLE LAW
428 Thirteenth Street, Eleventh Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Email(s): hunter@hunterpylelaw.com; csaunders@hunterpylelaw.com

ALEX TOVARIAN, SBN 264547
LAW OFFICE OF ALEX TOVARIAN
50 California Street, Suite 3325
San Francisco, CA 94111
Telephone: (415) 984-9990
Facsimile: (415) 520-5830
Email: tovarianlaw@gmail.com

Attorneys for Plaintiff MIKHAIL NATYAZHKO

FILED
Superior Court Of California,
Sacramento
09/06/2018
jmora
By_____, Deputy
Case Number:
34-2018-00240332

BY FAX

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SACRAMENTO

## UNLIMITED JURISDICTION

| MIKHAIL NATYAZHKO, an individual | Case No.: |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1. DISABILITY DISCRIMINATION (FEHA); |
| WALMART, INC., a Delaware Corporation; and DOES 1-10, inclusive, | 2. FAILURE TO PROVIDE REASONABLE ACCOMMODATION (FEHA); |
| Defendants. | 3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (FEHA); |
| | 4. RETALIATION (FEHA); |
| | 5. RETALIATION (Lab. Code § 1102.5); and |
| | 6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| | DEMAND FOR JURY TRIAL |

Plaintiff Mikhail Natyazhko ("Plaintiff") complains and alleges as follows:

## INTRODUCTION

1. Defendant WALMART Inc. ("WALMART") employed Plaintiff for almost ten

- 1 -

COMPLAINT AND DEMAND FOR JURY TRIAL
NATYAZHKO V. WALMART, INC.

years at WALMART's store located at 8961 Greenback Lane, Orangevale, California. Plaintiff was a loyal employee contributing his hard work to the company.

2.      In the summer of 2016, Plaintiff was diagnosed with colon cancer. Plaintiff underwent two surgeries and chemotherapy. This disability caused Plaintiff to experience physical abdominal pain, nausea, dizziness, headaches and other physical ailments. Plaintiff underwent two surgeries prior to September 2016.

3.      Plaintiff informed WALMART that he suffered from colon cancer and provided a doctor's note requesting WALMART to place Plaintiff on modified activity. WALMART refused to accommodate Plaintiff.

4.      At the end of December 2016, Plaintiff brought another note from his medical doctor. Plaintiff was supposed to be placed on modified activity at work and was requesting five 15-minute breaks to Plaintiff during his shift "to manage health related concerns". WALMART refused to accommodate Plaintiff and Plaintiff was advised that WALMART did not have any work for Plaintiff.

5.      Despite knowing of Plaintiff's disability, WALMART did not engage in the interactive process and failed to provide a reasonable accommodation.

6.      In April 2017, company implemented a new procedure of unloading WALMART trucks. Plaintiff advised the management that such policy was unsafe causing injuries to WALMART employees.

7.      On April 13, 2017, Plaintiff's supervisor, Katrina Buenafe terminated Plaintiff's employment.

## PARTIES AND JURISDICTION

8.      Plaintiff was employed by WALMART from approximately March 2008 to April 2017. Plaintiff worked at WALMART's store located at 8961 Greenback Lane, Orangevale, California.

9.      Defendant WALMART, Inc.[1] is a Delaware corporation. WALMART has numerous

_____

[1] On February 1, 2018, Wal-Mart Stores, Inc. changed its corporate identity to Walmart, Inc.

-2-

stores throughout the State of California, including the store located at 8961 Greenback Lane, Orangevale, California within Sacramento County.

10.   The true names and capacities of the defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in the manner set forth herein, or some other manner, for the occurrences alleged herein, and that the damages as alleged herein were proximately caused by their conduct. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is a California resident. Plaintiff will amend this complaint to show the true names and capacities of each of the fictitiously named defendants when such names and capacities have been determined.

11.   Venue is proper in this judicial district, pursuant to Code of Civil Procedure section 395(a). The unlawful acts alleged herein occurred at WALMART's store located at 8961 Greenback Lane, Orangevale, California and within the County of Sacramento.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.   Plaintiff has exhausted the applicable remedies available to him under the California Fair Employment and Housing Act ("FEHA") by timely filing a complaint regarding the matters described below with the California Department of Fair Employment and Housing ("DFEH") on September 8, 2017.

## STATEMENT OF THE CASE

13.   Plaintiff was employed by WALMART from approximately March 2008 to April 2017. Plaintiff worked at WALMART's store located at 8961 Greenback Lane, Orangevale, California. WALMART is a Delaware corporation. WALMART conducts business in the State of California and the County of Sacramento.

14.   Plaintiff was hired to be part of an in-stock team and his title was GM Truck Unloader. His duties constituted of unloading trucks in the back of the store and loading the items

-3-

into the backroom. Plaintiff was regularly loading and unloading objects that weighed up to fifty pounds.

15.    Plaintiff performed all his duties to the best of his abilities.

16.    Approximately two and a half years after he started working for WALMART, Plaintiff learned that WALMART allowed its employees to request other positions at WALMART.

17.    Plaintiff requested that he be transferred to approximately 10 other positions at WALMART.

18.    On several occasions, Plaintiff saw that a position that he had requested to be transferred to was filled with a newly hired WALMART employee. Plaintiff initiated conversations with management inquiring as to why a new employee was given a position for which Plaintiff earlier placed a request. Plaintiff was told that he should "just wait and keep working hard."

19.    At the beginning of 2014, Plaintiff went to the office of a manager named Ms. Janna. Plaintiff asked her if he could transfer to another position. Ms. Janna responded, "You unload the trucks really well and that is why you are there." Plaintiff then told Ms. Janna that it was extremely difficult for him to perform the physical requirements of his job. However, nothing was done to accommodate Plaintiff.

20.    Approximately two weeks later, Ms. Janna informed Plaintiff that he would not receive an annual raise.

21.    On or about February 6, 2014, Plaintiff wrote a letter to the complaint department of the WALMART store in Rocklin, California. Plaintiff complained about unfair treatment by the company.

22.    In the summer of 2016, Plaintiff learned that he had colon cancer. Plaintiff underwent two surgeries prior to September 2016. Plaintiff also received chemotherapy.

23.    In September 2016 Plaintiff returned to work with a work status report from his doctor. The note specified that Plaintiff was to be placed on modified activity at work from September 26, 2016 through December 31, 2016. The note also specified, among other things, that Plaintiff could not lift more than 20 pounds. Plaintiff provided the note to his direct manager, who

COMPLAINT AND DEMAND FOR JURY TRIAL
NATYAZHKO V. WALMART, INC.

directed Plaintiff to the store manager, whose name was Justin.

24. Justin told Plaintiff that the store did not have any work for Plaintiff which would allow him to lift less than 20 pounds. Plaintiff pointed out that there were many other positions at the store that would allow his accommodation, including assembling bicycles and furniture, restocking merchandise on shelves, and greeting customers at the door. Justin replied that he did not have any positions for Plaintiff.

25. At the end of December 2016, Plaintiff brought another work status report from his doctor. That note provided that Plaintiff was to be placed on modified activity at work from January 1, 2017 through April 30, 2017. Plaintiff was allowed to lift and carry 50-pound items, but the note stated that Plaintiff might need five 15-minute breaks during his shift "to manage health related concerns." Plaintiff spoke with Justin again. Justin again said that he did not have any work for Plaintiff.

26. Plaintiff said he would try his best to work hard and he needed his job. In response, Justin sent Plaintiff home.

27. Even though Plaintiff was still undergoing chemotherapy, he needed to make living. Plaintiff had no other choice but to go back to his doctor and beg him to issue another work status report where Plaintiff would need fewer breaks. Plaintiff's doctor then issued a doctor's note requesting that Plaintiff be provided two additional breaks.

28. Plaintiff then renewed his request for any light-duty position at WALMART because of his disability. Plaintiff was told that he could only continue his work with WALMART as a GM Truck Unloader. Plaintiff was again provided with the heaviest type of work.

29. In approximately April 2017, WALMART had a meeting during which employees were advised that the company policy of unloading boxes had changed. Employees were told that they could no longer place boxes on the pallet that was closest to them. Instead, they were supposed carry each box over the pallets that were lined up on the floor, and then place it on the very last pallet. On several occasions, Plaintiff and other employees fell off a pallet or had their feet fall through the pallet, resulting in physical injuries. Plaintiff reasonably believed that the new system

COMPLAINT AND DEMAND FOR JURY TRIAL
NATYAZHKO V. WALMART, INC.

was unsafe.

30.    Plaintiff brought his concerns to the attention of his supervisors. Specifically, Plaintiff complained that WALMART employees including himself had injured themselves carrying boxes over empty pallets according to the new policy. Plaintiff brought this to the attention of the management because Plaintiff believed the new policy was unsafe.

31.    On April 13, 2017, the very next day, supervisor Katrina Buenafe called Plaintiff to her office. She advised Plaintiff that he was fired.

## FIRST CAUSE OF ACTION
### Disability Discrimination in Violation of Cal. Gov. Code § 12940
### (Against Defendant WALMART, Inc.)

32.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

33.    Plaintiff is and was disabled and is thus a member of a class of persons protected by the FEHA from employment discrimination on the basis of disability. Plaintiff was disabled under California Government Code section 12926.1(b). Plaintiff suffered from colon cancer that limited his ability to work.

34.    WALMART knew that Plaintiff suffered from colon cancer, and other physical ailments that limited his ability to work.

35.    Plaintiff was able to perform the essential job duties with reasonable accommodation for his disability.

36.    WALMART terminated Plaintiff.

37.    Plaintiff's disability was a substantial motivating reason in WALMART's decision to terminate him.

38.    Plaintiff was harmed when WALMART discriminated against him on the basis of his disability.

39.    WALMART's conduct was a substantial factor in causing Plaintiff's harm.

40.    As a proximate result of the acts of WALMART, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against WALMART as set forth below.

## SECOND CAUSE OF ACTION
**Failure to Provide Reasonable Accommodation in Violation of Cal. Gov. Code § 12940
(Against Defendant WALMART, Inc.)**

41.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

42.     California Government Code section 12940(m) provides that it is unlawful for any employer to fail to make reasonable accommodations for the known disability of an employee.

43.     Plaintiff was an employee of WALMART.

44.     Plaintiff had disabilities which substantially limited the following major life activities: working. WALMART knew of Plaintiff's disability that limited his ability to work.

45.     Plaintiff was able to perform the essential job duties of his position with reasonable accommodation.

46.     WALMART failed to meet its duty to provide reasonable accommodations for Plaintiff's known disabilities and instead terminated him.

47.     Plaintiff was harmed by WALMART's failure to reasonably accommodate his disability.

48.     WALMART's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

49.     As a direct, foreseeable and proximate result of the acts of WALMART, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against WALMART as set forth below.

## THIRD CAUSE OF ACTION
**Failure to Engage in the Interactive Process in Violation of Cal. Gov. Code § 12940
(Against Defendant WALMART, Inc.)**

50.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

51.     California Government Code section 12940(n) provides that it is unlawful for any

-7-

employer or covered entity to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

52.    WALMART knew that Plaintiff had disabilities which substantially limited the following major life activities: working.

53.    Plaintiff requested that WALMART make reasonable accommodations for his disabilities so that he would be able to perform the essential job requirements.

54.    Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made so that he would be able to perform the essential job requirements.

55.    WALMART failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for his known disabilities, and eventually terminated Plaintiff's employment.

56.    As a result of WALMART's failure to engage in the interactive process, Plaintiff was harmed.

57.    WALMART's failure to engage in the interactive process was a substantial factor in causing Plaintiff's harm.

58.    As a direct, foreseeable and proximate result of the acts of WALMART, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against WALMART as set forth below.

### FOURTH CAUSE OF ACTION
**Retaliation in Violation of Cal. Gov. Code § 12940**
**(Against Defendant WALMART, Inc.)**

59.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

60.    Plaintiff engaged in protected activities when he requested a reasonable accommodation.

61.    WALMART terminated Plaintiff.

62. Plaintiff's engagement in a protected activity was a substantial motivating reason for WALMART's decision to terminate Plaintiff.

63. As a result of WALMART's retaliation, Plaintiff was harmed.

64. WALMART's retaliation was a substantial factor in causing Plaintiff's harm.

65. As a direct, foreseeable and proximate result of the acts of WALMART, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against WALMART as set forth below.

## FIFTH CAUSE OF ACTION
### Retaliation in Violation of Labor Code § 1102.5
### (Against Defendant WALMART, Inc.)

66. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

67. During his employment, Plaintiff engaged in protected activities under California Labor Code § 1102.5 when he refused to abide WALMART's requirement to unload heavy boxes from the trucks in an unsafe manner which caused injuries to WALMART employees.

68. WALMART terminated Plaintiff.

69. Plaintiff's engagement in a protected activity was a substantial motivating reason for WALMART's decision to terminate Plaintiff.

70. As a result of WALMART's retaliation, Plaintiff was harmed.

71. WALMART's retaliation was a substantial factor in causing Plaintiff's harm.

72. As a direct, foreseeable and proximate result of the acts of WALMART, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against WALMART as set forth below.

## SIXTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### (Against Defendant WALMART, Inc.)

73. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

- 9 -

74. WALMART terminated Plaintiff in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including but not limited to section 1102.5 of the California Labor Code.

75. WALMART terminated Plaintiff for refusing to abide WALMART's requirement to unload heavy boxes from the trucks in an unsafe manner which caused injuries to WALMART employees.

76. As a result of WALMART's retaliation, Plaintiff was harmed.

77. WALMART's retaliation was a substantial factor in causing Plaintiff's harm.

78. As a direct, foreseeable and proximate result of the acts of WALMART, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against WALMART as set forth below.

### DAMAGES

79. As a proximate result of the conduct by WALMART, Plaintiff has suffered economic loss.

80. As a further proximate result of the conduct by WALMART, Plaintiff has suffered emotional and mental distress, fear, anxiety, humiliation and embarrassment.

81. As a further proximate result of the conduct by WALMART, Plaintiff has incurred medical expenses, lost time from his usual occupation, and the loss of his job.

WHEREFORE, Plaintiff requests relief from WALMART as follows:

1. For compensatory damages for lost past and future wages, earnings, earning capacity, and benefits, according to proof;

2. For general damages for humiliation, mental anguish and emotional distress, according to proof;

3. A declaratory judgment that WALMART's violations as described above were willful;

4. For consequential damages, according to proof;

5. For restitution, according to proof;

- 10 -

COMPLAINT AND DEMAND FOR JURY TRIAL
NATYAZHKO V. WALMART, INC.

6. For punitive damages, according to proof;

7. For reasonable attorneys' fees, according to proof;

8. For reasonable costs, according to proof;

9. For interest, according to proof; and

10. For such other and further relief as the Court may deem just and proper.

Dated: September 5, 2018

LAW OFFICE OF ALEX TOVARIAN

By:

Alex G. Tovarian

Attorneys for Plaintiff
MIKHAIL NATYAZHKO

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial.

Dated: September 5, 2018

LAW OFFICE OF ALEX TOVARIAN

By:

Alex G. Tovarian

Attorneys for Plaintiff
MIKHAIL NATYAZHKO

- 11 -
COMPLAINT AND DEMAND FOR JURY TRIAL
NATYAZHKO V. WALMART, INC.

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

September 08, 2017

Alex Tovarian, Esq
50 California Street, Ste 3325
San Francisco CA 94111

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 959201-314915
       Right to Sue: Mikhail / Wal-Mart Stores, Inc.

Dear Attorney:

Attached is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your client's Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the Department of Fair Employment and Housing does not review or edit this complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alex G. Tovarian (SBN 264547)<br>LAW OFFICE OF ALEX TOVARIAN<br>50 California Street, Suite 3325<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415-984-9990   FAX NO: 415-520-5830<br>ATTORNEY FOR (Name): Plaintiff Mikhail Natyazhko | FILED<br>Superior Court Of California,<br>Sacramento<br>09/06/2018<br>jmora<br>By_____, Deputy<br>Case Number:<br>**34-2018-00240332** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Civil

CASE NAME:
Natyazhko v. Walmart, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 6, 2018
Alex Tovarian
_____
(TYPE OR PRINT NAME)   ►   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME: Gordon D Schaber Courthouse<br><br>PHONE NUMBER: (916) 874-5522 | |

| SHORT TITLE: Natyazhko vs. Walmart Inc | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2018-00240332-CU-WT-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 03/07/2019 in Department 39 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 09/07/2018

David W. Abbott, Judge of the Superior Court

# EXHIBIT 2

Jason A. Geller (CA SBN 168149)
jgeller@fisherphillips.com
Juan C. Araneda (CA SBN 213041)
jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, CA 94111
Telephone: 415/490-9000
Facsimile: 415/490-9001

Attorneys for Defendant
WALMART, INC.

RECEIVED
IN DROP BOX

2018 OCT 11  FRI 1: 12

COUNTY COURT
SUPERIOR COURT OF
CITY OF SACRA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| MIKHAIL NATYAZHKO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware Corporation;<br>and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO: 34-2018-00240332<br><br>**DEFENDANT WALMART, INC.'S<br>ANSWER TO COMPLAINT FOR<br>DAMAGES**<br><br>Complaint Filed: September 6, 2018<br>Trial Date:     None |

1
ANSWER TO COMPLAINT FOR DAMAGES

FPDOCS 34531946.1

Defendant WALMART, INC., ("Defendant") hereby answers the unverified Complaint for Damages ("Complaint") filed by Plaintiff MIKHAIL NATYAZHKO ("Plaintiff") as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, conjunctively and disjunctively, each and every allegation contained in the Complaint, denies that the Complaint states facts sufficient to constitute a cause of action, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 338, 340 and 343.

### THIRD AFFIRMATIVE DEFENSE

### (Laches and/or Waiver)

The Complaint, and each and every cause of action therein, is barred, in whole or in part, by the doctrines of laches and/or waiver.

2

ANSWER TO COMPLAINT FOR DAMAGES

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

Defendant is informed and believes, and thereon alleges, that Plaintiff expressly or implicitly consented to the alleged conduct of Defendant and is therefore precluded from recovering any damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Ratification)

Defendant is informed and believes, and thereon alleges, that the Complaint, and each and every cause of action therein, is barred because Plaintiff ratified the alleged acts or omissions of Defendant, its employees or agents, by reason of Plaintiff's knowledge, conduct, and/or statements.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped by reason of Plaintiff's own conduct, acts, and/or omissions from proceeding with any of his causes of action against Defendant and/or from recovering any damages against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands and/or *In Pari Delicto*)

The Complaint, and each and every cause of action therein, is barred, in whole or in part, by the doctrines of unclean hands and/or in pari delicto.

## EIGHTH AFFIRMATIVE DEFENSE

### (Labor Code §2922 – Employment At-Will)

Defendant alleges that Plaintiff was at all times employed at-will and Plaintiff's employment could be terminated by Plaintiff or Defendant for any or no reason.

## NINTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

3

ANSWER TO COMPLAINT FOR DAMAGES

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies, including, but not limited to, Plaintiff's failure to comply with all statutory, jurisdictional, and procedural requirements under applicable law, including the Fair Employment and Housing Act ("FEHA"). (Cal. Govt. Code §§ 12965(b)).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Engage in the Interactive Process/ Failure to Cooperate in Reasonable Accommodation Process / Failure to Follow Procedures)

Plaintiff unreasonably failed to engage in the interactive process, failed to cooperate in the reasonable accommodation process and failed to take affirmative steps of preventive and corrective opportunities provided or to avoid harm otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

### (Pre-Existing Cause)

To the extent that Plaintiff claims to have suffered any symptoms of mental or emotional distress or injury, Defendant alleges on information and belief that such symptoms or injuries were the result of one or more pre-existing psychological or medical disorders or conditions, or alternative concurrent causes, and not the proximate result of any act or omission of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Off-Set)

Defendant is entitled to an offset against any recovery by Plaintiff of the amount of monies owed to Defendant by Plaintiff, including but not limited to, any workers' compensation benefits,

4

ANSWER TO COMPLAINT FOR DAMAGES

FPDOCS 34531946.1

other benefits, interim earnings, or other mitigation.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

Plaintiff is barred from seeking any damages arising from purported physical or emotional injuries allegedly suffered as a result of Plaintiff's employment and discharge in that the sole and exclusive remedy in this respect is governed by the California Workers' Compensation Act (Labor Code §§3200-6208).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's Complaint, and all claims for relief therein, are barred because Defendant exercised reasonable care to prevent, and promptly correct, any discriminatory, harassing, or retaliatory conduct (if any there was), and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid any harm. Reasonable use of Defendant's internal procedures and remedies would have prevented some, if not all, of Plaintiff's claimed damages

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Non-Discriminatory/Non-Retaliatory Reasons)

The Complaint, and each and every cause of action alleged therein, is barred as there was no

5

ANSWER TO COMPLAINT FOR DAMAGES

FPDOCS 34531946.1

discriminatory intent as Defendant's alleged actions were based on a legitimate, non-discriminatory and non-retaliatory reasons.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Reasonableness)

The alleged acts of which Plaintiff complains were based on reasonable factors other than disability or any other prohibited factor, including Plaintiff's alleged request for reasonable accommodation and/or exercising Plaintiff's rights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's complaints.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Not a Substantial Motivating Reason)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Plaintiff is Not a Qualified Individual with a Disability)

The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

ANSWER TO COMPLAINT FOR DAMAGES

FPDOCS 34531946.1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was excused from a providing a reasonable accommodation as the reasonable accommodation required would create an undue hardship for Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Same Decision Limits Remedies)

The Complaint, and each and every cause of action alleged therein, is barred as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Good Faith Defense)

Plaintiff's claim for punitive damages, if any, are barred, in whole or in part, because of Defendant's good faith efforts to comply with applicable laws.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

7

ANSWER TO COMPLAINT FOR DAMAGES

FPDOCS 34531946.1

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

The Complaint, and all claims for relief therein, fail to state facts sufficient to obtain punitive damages against Defendant. (*See* Cal. Civil Code § 3294.) This includes, but is not limited to, Plaintiff's failure to plead facts sufficient to support allegations of malice, oppression, or fraud. In addition, and independently, to the extent Plaintiff's claims rely upon alleged acts by alleged agents of Defendant purportedly imputed to Defendant, the limitations inherent in general agency principles and/or in case law interpreting Civil Code section 3294 and/or California's Fair Employment and Housing Act prohibit such recovery.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Right to Amend Answer)

Defendant presently has insufficient knowledge on which to form belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves its right to amend its answer herein, including the addition of affirmative defenses, after pleading and discovery in preparation for trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of the Complaint;

2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4.    That Defendant be awarded such other and further relief as the Court may deem just and proper.

8

ANSWER TO COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled matter.

DATED:  October 11, 2018                    FISHER & PHILLIPS LLP


By: _____
                                Jason A. Geller
                                Juan C. Araneda
                                Attorneys for Defendant
                                WALMART, INC.

9
ANSWER TO COMPLAINT FOR DAMAGES

FPDOCS 34531946.1

## PROOF OF SERVICE

*Mikhail Natyazhko v. Walmart, Inc.*

I am a citizen of the United States and am employed in the County of San Francisco. I am over 18 years of age and not a party to this action. My business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

On October 11, 2018, I served **DEFENDANT WALMART, INC.'S ANSWER TO COMPLAINT FOR DAMAGES** on the parties listed below in said action as follows:

| | |
|---|---|
| Hunter Pyle<br>Chad Saunders<br>HUNTER PYLE LAW<br>428 Thirteenth Street, 11th Floor<br>Oakland, CA 94612 | *Attorneys for Plaintiff*<br>**MIKHAIL NATYAZHKO**<br><br>T:   (510) 444-4400<br>F:   (510) 444-4410<br>E:   hunter@hunterpylelaw.com<br>     csaunders@hunterpylelaw.com |
| Alex Tovarian<br>LAW OFFICES OF ALEX TOVARIAN<br>50 California Street, Suite 3325<br>San Francisco, CA 94111 | T:   (415) 984-9990<br>F:   (415) 520-5830<br>E:   tovarianlaw@gmail.com |

☒   **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco California, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed October 11, 2018, at San Francisco, California.

Jessica Ortiz
_____
Print Name

By: _____
Signature

---

PROOF OF SERVICE

# EXHIBIT 3

Jason A. Geller (CA SBN 168149)
jgeller@fisherphillips.com
Juan C. Araneda (CA SBN 213041)
jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, CA 94111
Telephone: 415/490-9000
Facsimile: 415/490-9001

Attorneys for Defendant
WALMART, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| MIKHAIL NATYAZHKO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware Corporation;<br>and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 34-2018-00240332<br><br>**DEFENDANT WALMART, INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL**<br><br><br>Complaint Filed: September 6, 2018<br>Trial Date: None |

**TO PLAINTIFF MIKHAIL NATYAZHKO, HIS ATTORNEYS OF RECORD AND THE CLERK OF THE COURT OF SACRAMENTO COUNTY:**

**PLEASE TAKE NOTICE** that Defendant WALMART, INC. ("Defendant") by and through undersigned counsel, has filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 in the above-captioned action, removing the above-captioned action to the United States District Court for the Eastern District of California. Attached hereto as Exhibit A is a copy of the Notice of Removal (including all exhibits) that was filed in the United States District Court for the Eastern District of California.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. section 1446, the filing of the Notice of Removal in the United States District Court effectuates the removal of this

1

action. Accordingly, no further proceedings should take place in this Court unless and until the case has been remanded.

DATE: October __, 2018                    FISHER & PHILLIPS LLP


                                          By: _____
                                              Jason A. Geller
                                              Juan C. Araneda
                                              Attorneys for Defendant
                                              WALMART, INC.

2

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

On this date, I served the foregoing documents entitled **DEFENDANT WALMART, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY JURISDICTION)** on all the appearing and/or interested parties in this action in accordance with Rule 5 of Federal Rules of Civil Procedure as follows as follows:

Hunter Pyle
Chad Saunders
HUNTER PYLE LAW
428 Thirteenth Street, 11th Floor
Oakland, CA 94612

*Attorneys for Plaintiff*
*MIKHAIL NATYAZHKO*

T:   (510) 444-4400
F:   (510) 444-4410
E:   hunter@hunterpylelaw.com
     csaunders@hunterpylelaw.com

Alex Tovarian
LAW OFFICES OF ALEX TOVARIAN
50 California Street, Suite 3325
San Francisco, CA 94111

T:   (415) 984-9990
F:   (415) 520-5830
E:   tovarianlaw@gmail.com

☒   **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒   **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 11, 2018, at San Francisco, California.

Jessica Ortiz
Print

By: _____
Signature

CERTIFICATE OF SERVICE

FPDOCS 33559647.1